IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Harvest J. Miller, | ) | C/A No. 3:18-855-JFA-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER REGARDING** |
| | ) | **AMENDMENT OF COMPLAINT** |
| Dorn VA Hospital, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The plaintiff, Harvest J. Miller, proceeding *pro se*, brings this civil action against the defendant. The Complaint has been filed pursuant to 28 U.S.C. § 1915. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). Having reviewed the Complaint in accordance with applicable law, the court finds this action is subject to summary dismissal if Plaintiff does not amend the Complaint to cure the deficiencies identified herein.

**I.    Factual and Procedural Background**

Plaintiff indicates that he received medical care at a United States Department of Veterans Affairs hospital in Columbia, South Carolina but instead of receiving proper treatment, the doctors sent him to hospice. (Compl., ECF No. 1 at 2-5.) He appears to indicate he ingested a tooth during surgery, some medicine caused him eye problems, and doctors failed to find his blood clots and failed to see his cancer until he went for a check-up. (Id. at 3.) He further appears to indicate that his cancer drugs gave him heart problems. (Id. at 5.) He seeks damages for his injuries and his children's school expenses that he believes should have been paid for by the department. (Id.)

PJG

## II. Discussion

### A. Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint. The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. This statute allows a district court to dismiss the case upon a finding that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

This court is required to liberally construe *pro se* complaints, which are held to a less stringent standard than those drafted by attorneys. Erickson v. Pardus, 551 U.S. 89, 94 (2007); King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

### B. Analysis

Plaintiff does not expressly state a legal cause of action in the Complaint. In accordance with its duty to liberally construe *pro se* pleadings, the court construes the Complaint as seeking to raise a claim of negligence or medical malpractice pursuant to Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680, 1346(b). The FTCA provides for a limited waiver of the United States's sovereign immunity from suit by allowing a plaintiff to recover damages in a civil action for loss of

property or personal injuries caused by the "negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1); see also Medina v. United States, 259 F.3d 220, 223 (4th Cir. 2001) ("The statute permits the United States to be held liable in tort in the same respect as a private person would be liable under the law of the place where the act occurred.").[1]

However, a plaintiff seeking to file a FTCA claim must first exhaust his administrative remedies. Under 28 U.S.C. § 2675,

> [a]n action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

Moreover, the exhaustion requirement is jurisdictional and may not be waived. See Plyler v. United States, 900 F.2d 41, 42 (4th Cir. 1990).

---

[1] The court notes that the only proper defendant in an FTCA action is the "United States of America," rather than the federal agency form which the claim arises. See 28 U.S.C. § 1346(b); F.D.I.C. v. Meyer, 510 U.S. 471 (1994).



Here, Plaintiff provides no indication in the Complaint that he filed an administrative claim with the proper agency. Therefore, the Complaint does not indicate that the court has jurisdiction over this matter.[2]

Consequently, Plaintiff's Complaint is subject to summary dismissal for lack of jurisdiction. Plaintiff is hereby granted **twenty-one (21) days** from the date this order is entered (plus three days for mail time) to file an **amended complaint** pursuant to Federal Rule of Civil Procedure 15(a) that corrects the deficiencies identified above.[3] If Plaintiff fails to file an amended complaint that corrects those deficiencies, this action will be recommended for summary dismissal.

**IT IS SO ORDERED**.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

April 5, 2018
Columbia, South Carolina

*Plaintiff's attention is directed to the important WARNING on the following page.*

---

[2] To the extent Plaintiff seeks to raise a claim other than one pursuant to the FTCA, the court finds that the Complaint fails to state a claim upon which relief can be granted because it does not state a recognizable legal cause of action, and accordingly, the Complaint would be subject to summary dismissal pursuant to § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

[3] Any amended complaint filed by Plaintiff is also subject to further initial review by the court pursuant to 28 U.S.C. § 1915.

# IMPORTANT INFORMATION . . . PLEASE READ CAREFULLY

# WARNING TO PRO SE PARTY OR NONPARTY FILERS

ALL DOCUMENTS THAT YOU FILE WITH THE COURT WILL BE AVAILABLE TO THE PUBLIC ON THE INTERNET THROUGH PACER (PUBLIC ACCESS TO COURT ELECTRONIC RECORDS) AND THE COURT'S ELECTRONIC CASE FILING SYSTEM. **CERTAIN *PERSONAL IDENTIFYING INFORMATION* SHOULD NOT BE INCLUDED IN, OR SHOULD BE REMOVED FROM, ALL DOCUMENTS *BEFORE* YOU SUBMIT THE DOCUMENTS TO THE COURT FOR FILING.**

Rule 5.2 of the Federal Rules of Civil Procedure provides for privacy protection of electronic or paper filings made with the court. Rule 5.2 applies to *ALL* documents submitted for filing, including pleadings, exhibits to pleadings, discovery responses, and any other document submitted by any party or nonparty for filing. Unless otherwise ordered by the court, a party or nonparty filer should not put certain types of an individual's personal identifying information in documents submitted for filing to any United States District Court. If it is necessary to file a document that already contains personal identifying information, the personal identifying information should be "**blacked out**" or **redacted** prior to submitting the document to the Clerk of Court for filing. A person filing any document containing their own personal identifying information **waives** the protection of Rule 5.2(a) by filing the information without redaction and not under seal.

1. Personal information protected by Rule 5.2(a):

**(a) Social Security and Taxpayer identification numbers.** If an individual's social security number or a taxpayer identification number must be included in a document, the filer may include only the last four digits of that number.
**(b) Names of Minor Children.** If the involvement of a minor child must be mentioned, the filer may include only the initials of that child.
**(c) Dates of Birth.** If an individual's date of birth must be included in a document, the filer may include only the year of birth.
**(d) Financial Account Numbers.** If financial account numbers are relevant, the filer may include only the last four digits of these numbers.

2. Protection of other sensitive personal information – such as driver's license numbers and alien registration numbers – may be sought under Rule 5.2(d) (filings made under seal) and (e) (protective orders).