UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Harvest J. Miller, | ) | C/A No. 3:18-855-JFA-PJG |
|                 Plaintiff, | ) | |
| vs. | ) | ORDER |
| Dorn VA Hospital, | ) | |
|                 Defendant. | ) | |

The *pro se* plaintiff brings this action pursuant to 28 U.S.C. § 1915. He complains of improper medical care he received at the Dorn Veterans Hospital.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation wherein she suggests that this court should dismiss the action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for lack of prosecution.

The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

By order of April 5, 2018 (ECF No. 8), the plaintiff was advised by the Magistrate Judge that his case was not in proper form and was provided instructions and forms to bring the case into proper form for judicial screening. The plaintiff was advised that if he failed

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

1

to respond, his action would be subject to summary dismissal for failure to prosecute. The plaintiff did not respond to the Magistrate Judge's order.

On April 5, 2018, another order was entered by the Magistrate Judge (ECF No. 9) noting that the plaintiff's complaint was subject to summary dismissal for lack of subject matter jurisdiction because the complaint contained no allegation indicating that the plaintiff had exhausted his administrative remedies pursuant to the Federal Tort Claims Act ("FTCA"). The Magistrate Judge allowed the plaintiff 21 days within which to file an amended complaint to correct the deficiencies identified in the order. The plaintiff did not respond to the Magistrate Judge's second order or file an amended complaint.

The plaintiff was also notified of his right to file objections to the Report and Recommendation now before the court (ECF No. 13), which was entered on the docket on May 3, 2018. However, the plaintiff did not file objections and the time within which to do so has now expired. In the absence of specific objections to the Report of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). The court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

The Magistrate Judge has allowed the plaintiff ample time and opportunity to respond to the court's orders and the plaintiff has failed to do so. A review of the docket does not reveal any returned mail or change of address notices from the plaintiff.

This court agrees with the Magistrate Judge that the plaintiff meets the criteria for

to respond, his action would be subject to summary dismissal for failure to prosecute. The plaintiff did not respond to the Magistrate Judge's order.

On April 5, 2018, another order was entered by the Magistrate Judge (ECF No. 9) noting that the plaintiff's complaint was subject to summary dismissal for lack of subject matter jurisdiction because the complaint contained no allegation indicating that the plaintiff had exhausted his administrative remedies pursuant to the Federal Tort Claims Act ("FTCA"). The Magistrate Judge allowed the plaintiff 21 days within which to file an amended complaint to correct the deficiencies identified in the order. The plaintiff did not respond to the Magistrate Judge's second order or file an amended complaint.

The plaintiff was also notified of his right to file objections to the Report and Recommendation now before the court (ECF No. 13), which was entered on the docket on May 3, 2018. However, the plaintiff did not file objections and the time within which to do so has now expired. In the absence of specific objections to the Report of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). The court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

The Magistrate Judge has allowed the plaintiff ample time and opportunity to respond to the court's orders and the plaintiff has failed to do so. A review of the docket does not reveal any returned mail or change of address notices from the plaintiff.

This court agrees with the Magistrate Judge that the plaintiff meets the criteria for

dismissal under Rule 41(b). *Ballard v. Carlson*, 882 F.2d 93 (4th Cir. 1989.

After carefully reviewing the applicable laws and the record in this case, this court accepts the Magistrate Judge's Report and Recommendation and finds that the Report fairly and accurately summarizes the facts and applies the correct principles of law.

Accordingly, this action is dismissed without prejudice for lack of prosecution pursuant to Rule 41(b).

IT IS SO ORDERED.

Joseph F. Anderson, Jr.
United States District Judge

May 23, 2018
Columbia, South Carolina